UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jessica Mack, | Case No. 23-cv-1353 (NEB/DLM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Michael Segal, | |
| Respondent. | |

---

Petitioner Jessica Mack has filed a Petition for a Writ of Habeas Corpus asking the Court to direct the Federal Bureau of Prisons ("BOP") to properly apply her First Step Act ("FSA") time credits to her sentence. (Doc. 1, Pet.) The Petition comes before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] and has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. Upon review, this Court recommends that the Petition be denied for failure to state a cognizable habeas claim.

On June 5, 2019, Ms. Mack pleaded guilty in the United States District Court for the Western District of Missouri to felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See United States v. Mack*, Case No. 2:19-cr-0403 (RK)

---

[1] Ms. Mack's Habeas Petition is not brought pursuant to 28 U.S.C. § 2254. Nevertheless, the Rules Governing Section 2254 Cases may be applied to her Petition. *See* Rule 1(b).

(W.D. Mo. June 5, 2019) (Doc. 16.) She was sentenced to a term of imprisonment of 48 months to be served consecutively with the undischarged terms of imprisonment in her state criminal court cases, followed by a three-year term of supervised release. (Doc. 34.) She is currently serving that term of imprisonment at the Federal Correctional Institution in Waseca, Minnesota ("FCI-Waseca").

In her habeas petition, Ms. Mack claims that the BOP has failed to properly apply her earned FSA credits to her sentence. (Pet. at 6.) Ms. Mack contends that all BOP inmates are entitled to receive FSA credit against their sentence regardless of their risk recidivism level. (*Id*.) Ms. Mack claims that she has been falsely imprisoned by the BOP since December 1, 2022, because the BOP has not properly applied her FSA credits to her sentence. (Doc. 1-1, Ex. at 1.) Upon close review of Ms. Mack's petition and accompanying exhibits, it appears that the BOP has denied her request to have her FSA credits applied to her supervised release date because her current risk of recidivism is "high." (*Id*. at 4.)

Ms. Mack's petition concerns the implementation of the First Step Act of 2018 ("FSA"), which allows eligible federal prisoners to earn credit against their sentence for participating in "evidence-based recidivism reduction programs or productive activities." 18 U.S.C. § 3632(d)(4)(A). Pursuant to 18 U.S.C. § 3632(d)(4)(C), FSA credits are applied towards a prisoner's supervised release or pre-release custody dates in accordance with 18 U.S.C. § 3624(g).

Section 3624(g), in turn, further defines which prisoners are eligible for their FSA credits to be applied towards their pre-release and supervised release dates. Pursuant to 18

U.S.C. § 3624(g)(1)(D)(ii), for FSA credits to be applied to the prisoner's supervised release date, the prisoner must have been determined to be "a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner." Thus, read together, although all eligible prisoners may earn FSA credits, *see* 18 U.S.C. § 3632(d)(4)(A), only those whose risk recidivism levels are "minimum" or "low" are eligible for those FSA credits to be applied to their supervised release date.

Ms. Mack's risk recidivism level is high.[2] (Doc. 1-1 at 4.) In accordance with 18 U.S.C. § 3624(g)(1)(D)(ii), therefore, she is ineligible to have FSA credits applied towards her supervised release date. Thus, to the extent that Ms. Mack claims that the BOP erred in failing to apply her FSA credits against her supervised release date, such a claim fails as a matter of law.[3]

For FSA credits to be applied towards a prisoner's pre-release custody date, either the prisoner's recidivism risk level must be "minimum or low" pursuant to the last two reassessments of the prisoner or the prisoner "has had a petition to be transferred to pre-

---

[2] Ms. Mack does not appear to contest her risk recidivism level. Her claim, rather, is that her level is irrelevant for the purposes of applying her earned FSA credits towards her release date. (Pet. at 6.) Pursuant to 28 U.S.C. § 3624(g)(1)(D), however, a prisoner's recidivism risk level clearly *does* matter. Accordingly, Ms. Mack's argument fails as a matter of law.

[3] Because the law is clear, there is no need for the Court to engage in any *Chevron*-like analysis of the BOP's program statement concerning its interpretation of the law. *See Ortega-Marroquin v. Holder*, 640 F.3d 814, 818 (8th Cir. 2011) (explaining that "the courts, as well as the agency, must give effect to the unambiguously expressed intent of Congress") (quoting *Chevron U.S.A. v. Natural Resources Defense Council*, 467 U.S. 837, 842–43 (1984)).

release custody or supervised release approved by the warden of the prison. . ." 28 U.S.C. § 3624(g)(1)(D)(i)(I)–(II).

Pre-release custody means placement in either home confinement or a residential re-entry center ("RRC"). 18 U.S.C. § 3624(g)(2)(A)–(B). A habeas petitioner, however, may challenge only the fact or duration of her confinement. *Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). Federal courts consider claims related to a prisoner's placement in home confinement or at an RRC as claims concerning the *place* of the prisoner's confinement. *See United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) (discussing home confinement as a place of confinement); *see also Williams v. Birkholz*, Case No. 20-cv-2190 (ECT/LIB), 2021 WL 4155614, at *6 (D. Minn. July 20, 2021) ("A prisoner is transferred to home confinement not released to home confinement because home confinement is a place of incarceration."), *R. & R. adopted*, 2021 WL 4155013 (D. Minn. Sept. 13, 2021). Accordingly, to the extent that Ms. Mack contends that FSA credits should be applied towards her pre-release custody, such claims do not attack the legality of her detention, only the place of that detention. As such, a writ of habeas corpus is not available as a remedy to correct the alleged violation of Ms. Mack's rights. *See Jorgensen v. Birkholz*, No. 20-cv-2349 (NEB/DTS), 2021 WL 2935641, at *1 (D. Minn. July 13, 2021) (explaining that the Court lacks subject matter jurisdiction to issue a writ of habeas corpus where prisoner was challenging the place—as opposed to the fact or direction—of his detention).

In sum, the law expressly states that Ms. Mack—whose risk of recidivism is "high"—is not eligible to have her FSA credits applied to her supervised release date. 18

U.S.C. § 3624(g)(1)(D)(ii). And any claim related to her placement in pre-release custody under 18 U.S.C. § 3624(g)(1)(D)(i) is not cognizable as a habeas claim. Accordingly, Ms. Mack's Petition for a Writ of Habeas Corpus should be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings above, **IT IS RECOMMENDED** that Petitioner Jessica Mack's Petition for habeas corpus relief under 28 U.S.C. § 2241 (Doc. 1) be **DENIED**.

Dated: June 1, 2023
 _s/Douglas L. Micko_
 DOUGLAS L. MICKO
 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).